UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABACUS DATA SYSTEMS, INC.<br><br>                              Plaintiff,<br><br>v.<br><br>WEALTHCOUNSEL, LLC, et al.<br><br>                              Defendants. | Case No.:  20cv1067-LAB (MSB)<br><br>**ORDER OF DISMISSAL** |

Plaintiff Abacus Data Systems, Inc. filed this action, bringing state law claims and relying on diversity as the only basis for jurisdiction. Abacus alleged that it is a California corporation with its principal place of business in California, but it failed to allege the citizenship of Defendant Wealthcounsel, LLC. Specifically, it failed to allege the citizenship of Wealthcounsel's owners or members.  *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (limited liability company is a citizen of every state of which its owners or members are citizens).

The Court, carrying out its obligation to confirm its own jurisdiction, *sua sponte* if necessary, *see Mt. Healthy City School Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 278 (1978), ordered Abacus to show cause why this action should not be dismissed for lack of jurisdiction. As the party invoking the Court's jurisdiction,

Abacus bears the burden of pleading it; until it does, jurisdiction is presumed to be lacking. *See Kokkkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

The Supreme Court has made clear that the Court must confirm its own jurisdiction before proceeding to the merits. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 93–94 (1998). And as a practical matter, confirming jurisdiction early helps prevent wasted effort and needless expense and delay. Regrettably, courts' mistaken belief that they were acting within their jurisdiction has sometimes resulted in cases proceeding for years before the defect is discovered and the action necessarily dismissed. *See Rainero v. Archon Corp.*, 844 F.3d 832, 841 (9th Cir. 2016).

Specifically, the Court ordered Abacus to either file an amended complaint alleging the citizenship of all of Wealthcounsel's owners or members, or file a memorandum of points and authorities showing that jurisdiction was adequately pled. The Court cautioned Abacus that if it failed to show cause as ordered, this action would be dismissed without prejudice for lack of jurisdiction.

Abacus filed an amended complaint. But instead of alleging the citizenship of all of Wealthcounsel's owners or members, as ordered, it alleges that it conducted a "reasonable factual investigation" into the citizenship of Wealthcounsel's members. (First Am. Compl., ¶6.). The investigation included consultation with Defendant's counsel regarding the residence of Wealthcounsel's members, as well as internet searches and searches of other public records. This investigation, it says, "has not revealed that any members are citizens of California." Therefore, Abacus alleges on information and belief that none of Wealthcounsel's members are citizens of California.

The Ninth Circuit has considered and rejected the adequacy of similar allegations. In *Kanter v. Warner-Lambert*, 265 F.3d 853, 857 (9th Cir. 2001), it explained that, absent unusual circumstances, a plaintiff "should be able to allege affirmatively the actual citizenship of the relevant parties." In that case, the party

invoking the court's jurisdiction had not affirmatively alleged the citizenship of corporate defendants; rather, "it merely alleged that they were not citizens of California." *Id.*

At most, Abacus is able to allege that it is not aware of any facts that would destroy diversity, and that the facts it is presently aware of are consistent with diversity jurisdiction as Abacus understands it. This is not enough to invoke the Court's jurisdiction. *See Bell Atlantic v. Twombly*, 550 U.S. 544, 545 (2007) (holding that allegations must go beyond merely being consistent with entitlement to relief).

Even if Abacus were granted leave to amend again, there is no reason to think it could do so successfully. This is not one of the unusual cases where facts about a defendant's citizenship are within its exclusive control, and where jurisdiction is likely to be confirmed shortly after the defendant answers. *Compare Carolina Cas. Ins. Co. v. Team Equipment, Inc.*, 741 F.3d 1082, 1087–88 (9th Cir. 2014). The amended complaint suggests that Wealthcounsel has many members and may not itself know the citizenship of them all. If even one of them is a California citizen, or is non-diverse for some other reason,[1] diversity is lacking.

This action is **DISMISSED WITHOUT PREJUDICE** for failure to invoke the Court's jurisdiction.

**IT IS SO ORDERED**.

Dated: July 1, 2020

Honorable Larry Alan Burns
Chief United States District Judge

---

[1] Certain categories of persons destroy complete diversity in every case where they appear. *See, e.g., Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989) (characterizing U.S. citizen domiciled abroad as a "jurisdictional spoiler").